Filed 3/21/22  P. v. Lombardo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093907 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR41795) |
| v. | |
| VINCENT MICHAEL LOMBARDO, | |
| Defendant and Appellant. | |

Defendant Vincent Michael Lombardo appeals from the denial of his petition for relief pursuant to Penal Code section 1170.95.[1]  He contends in part that the trial court applied the incorrect standard of review to his petition asserting eligibility for relief.  The Attorney General agrees, and we agree with the parties.  We reverse the trial court's order

---

[1]  Further undesignated statutory references are to the Penal Code.

1

and remand for further proceedings. In light of our disposition, we need not and do not address defendant's remaining arguments.

## FACTS AND PROCEEDINGS

In 1996, teenagers Scott Graves and Keith Haney saw Robert Mehringer, who appeared to be intoxicated. The three stopped in front of a store, and Mehringer went inside to buy beer for them to drink under a bridge. On their way to the bridge, Mehringer called out to defendant and another man, Jason Weber, and asked them if they wanted to drink beer. While drinking the beer under the bridge, defendant told Graves they should rob Mehringer. Weber told defendant and Graves that Haney was going to hit Mehringer in the head with a bottle.

Mehringer told Weber to "sit down, chill out, and drink [his] beer." The men prepared to fight, and Weber pushed Mehringer, causing him to fall. Defendant, Haney, and Weber attacked Mehringer, kicking his face and ribs and punching his ribs.

Mehringer crawled into the creek, but defendant, Weber, and Haney convinced him to come back and resume drinking. When Mehringer returned, they started beating him again. Mehringer again tried to escape into the creek, but defendant, Weber, and Haney followed him into the creek and continued to beat him. Mehringer crawled out of the water, and Haney, Weber, and defendant resumed beating him until defendant recognized that he had lost consciousness.

Defendant, Weber, and Graves checked Mehringer's pockets. They began to walk away, but Haney returned to Mehringer, and Graves heard the sound of a beer bottle crack near where Mehringer was lying. As the group walked away, Weber said that he had broken his knife while stabbing Mehringer 27 times. The group went back to defendant's house, where they drank beer and discussed what had happened.

2

Defendant was charged with one count of murder (§ 187, subd. (a)) and one count of robbery (§ 211), with the special circumstance that he committed the murder during the course of a robbery (§ 190.2, subd. (a)(17)). A jury found defendant guilty of second degree murder, but not guilty of robbery or theft. The trial court sentenced defendant to 15 years to life in prison.

On April 2, 2021, defendant filed an (amended) section 1170.95 petition for resentencing. On April 8, following an evidentiary hearing, the trial court denied the petition.

Defendant filed a timely notice of appeal. The case was fully briefed in December 2021, and assigned to this panel on January 3, 2022.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-1018 Reg. Sess.) "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation amended sections 188 and 189, and it added section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted,

3

counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

When a petitioner files a "complying petition," the trial court must appoint counsel if requested, the issue is briefed, and the court determines whether the petitioner has made a prima facie showing that they fall within the provisions of the section. (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 966.)  "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

After issuing an order to show cause, the trial court must hold an evidentiary hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts."  (§ 1170.95, subd. (d)(1).)  At this final stage of the proceeding, the prosecution bears the burden to prove, "beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Id.*, subd. (d)(3).)

On October 5, 2021, after the evidentiary hearing was held in this case, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775), which amended section 1170.95, subdivision (d)(3) to clarify that "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (Stats. 2021, ch. 551, § 2.)  Thus, it is now clear that at the evidentiary hearing required by section 1170.95, subdivision (d)(3), the trial court must act as an independent factfinder and determine beyond a reasonable doubt whether defendant is guilty of murder under a theory that remains valid despite the amendments to sections 188 and 189.

The primary issue in this appeal is the prosecution's burden of proof at the section 1170.95, subdivision (d)(3) hearing.  This is a legal question we review de novo. (*People v. Gentile* (2020) 10 Cal.5th 830, 847.)

4

Here, the trial court denied defendant's section 1170.95 petition following issuance of an order to show cause and an evidentiary hearing. At the evidentiary hearing, both parties relied entirely on the record from defendant's 1996 trial, and the court confirmed that it had reviewed the trial record.

In denying the petition, the trial court recognized that the burden was on the prosecution to prove beyond a reasonable doubt that defendant is ineligible for resentencing. The court then stated that its task was to "determine whether, based on the entire record, a reasonable jury could find the defendant guilty beyond a reasonable doubt of second degree murder." The court found that defendant "could be convicted of second degree murder under two separate theories were his trial held today": (1) that he formed the intent to kill at some point during the three beatings in which he participated, or that he aided, abetted, counseled, commanded, induced, solicited, requested, and assisted the actual killer in the commission of first degree murder, or (2) that defendant was a major participant in the underlying felony and acted with reckless indifference to human life. The court found that any number of defendant's actions showed that he formed the intent to kill and that he was a major participant who acted with reckless disregard for human life. The court noted that the jury could have reasonably found that the victim died from the beatings he had received, drowning in knee-deep water, or from being hit in the head by a glass bottle. The court next observed that a reasonable jury could conclude that defendant's actions showed a consciousness of guilt and concluded: "[A] reasonable jury could conclude beyond a reasonable doubt that the defendant committed a second degree murder as defined in newly enacted . . . [s]ection 189."

The parties agree that the trial court improperly applied the substantial evidence standard at the evidentiary hearing, rather than holding the prosecution to its burden to prove his ineligibility beyond a reasonable doubt as required by Senate Bill No. 775. We also agree. As we have discussed, Senate Bill No. 775's amendments to section 1170.95, subdivision (d)(3) expressly state that the prosecution must "prove, beyond a reasonable

5

doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019," and the bill clarifies that a finding of substantial evidence to support a conviction for murder "is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Stats. 2021, ch. 551, § 2.) Accordingly, we will reverse and remand the matter to the trial court for further proceedings for purposes of applying the correct standard of review.

Defendant raises three other arguments: (1) the trial court erred when it found he was ineligible for relief by finding that he could be convicted today based on a felony murder or intent-to-kill theory; (2) the court could not deny relief based on aiding and abetting implied malice murder because accomplice liability for second degree murder is no longer a valid theory of liability; and (3) no substantial evidence showed he directly aided and abetted second degree murder with implied malice. However, because the court has not yet made the requisite factual findings for us to conduct a substantial evidence review, we decline to address defendant's additional arguments. (See *People v. Ramirez* (2021) 71 Cal.App.5th 970, 985 [reviewing the trial court's factual findings for substantial evidence].)

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed. The matter is remanded for a new section 1170.95 subdivision (d)(3) hearing as directed by this opinion and any other applicable changes and clarifications in the relevant law.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Hull, Acting P. J.

_____/s/_____
Mauro, J.